# EXHIBIT 1

## Settlement Agreement dated December 2, 2020
## and
## Order No. 2311 approving the Settlement Agreement
## dated December 10, 2020

Spanish originals, sworn English translation, and CTPCBA legalization

**Contents**


| | |
|---|---|
| Spanish-language Settlement Agreement | 2-5 |
| Spanish-language Homologation Order | 6-8 |
| Sworn English translation of both documents | 9-20 |
| CTPCBA legalization | 21-22 |


This exhibit is a paginated reproduction for convenient reading and citation.
The original electronically signed files are preserved separately.
Citations to Exhibit 1 refer to the page numbers added below.

## Acuerdo transaccional conciliatorio

En la ciudad de Asunción, capital de la República del Paraguay, a los 02 días del mes de diciembre del año 2020, concurren, por una parte, el señor DENIS LICHI, en representación de PETRÓLEOS PARAGUAYOS (en adelante "PETROPAR") como su presidente, nombrado por Decreto N° 3569 del 27 de abril de 2020, fijando domicilio para todos los efectos legales en el edificio de la institución sito sobre la calle Chile 753 casi Eduardo V. Haedo, de la ciudad de Asunción; el señor SERGIO A. COSCIA NOGUÉS, Procurador General de la República, nombrado por Decreto N° 82 del 21 de agosto de 2018, fijando domicilio para el presente acto en Mcal. López N° 2311 casi Venezuela, de la ciudad de Asunción; y por la otra parte, el señor SERGIO GUILLERMO MARSILETTI, con DNI N° 13.074.133, quien concurre a este acto en representación de la firma TEXOS SOCIEDAD DE RESPONSABILIDAD LIMITADA (en adelante "TEXOS S.R.L."), en carácter de apoderado, domiciliado para el efecto en la Avenida Independencia 2135, Piso décimo tercero, departamento H, Ciudad de Buenos Aires, República Argentina.

Las partes aquí comparecientes convienen en celebrar el presente acuerdo transaccional conciliatorio que se regirá por los siguientes términos:

### I Antecedentes del juicio vinculado con el presente acuerdo.

PETROPAR, por Resolución PR N° 449/09 de fecha 23 de diciembre de 2.009, adjudica como mejor y más conveniente oferta para la prestación de gasoil en camiones para las plantas de la petrolera en Villa Elisa y Hernandarias a la firma TEXOS, en el marco del proceso licitatorio individualizado por el ID No. 153.787.-

PETROPAR, por Resolución PR N° 244/10 de fecha 21 de abril de 2.010, revoca la adjudicación y cancela la subasta a la baja electrónica N° 07/09.

En diciembre de 2.011, la firma TEXOS S.R.L. promueve demanda de indemnización de daños y perjuicios por responsabilidad contractual contra PETROPAR, por la suma U$S 31.357.956,00, reclamando específicamente daño empresarial, gastos de licitación, obligaciones con otras empresas proveedoras, reclamo laboral del trabajador dependiente contratado como gerente ante la justicia argentina, lucro cesante y/o pérdida de chance.

Sobre la base de tales antecedentes se celebra el presente acuerdo conciliatorio en el marco del juicio caratulado: "TEXOS S.R.L. C/ PETROPAR S/ INDEMNIZACION DE DAÑOS Y PERJUICIOS POR RESPONSABILIDAD CONTRACTUAL", N° 712 Año 2011, tramitado ante el Juzgado de Primera Instancia en lo Civil y Comercial del 11° Turno, Scría. 21 de la Capital.

### II Identificación de las partes

Son partes del presente acuerdo:

- **PETROPAR** compareciendo en este acto el Lic. **Denis Lichi**, según decreto de nombramiento del Poder Ejecutivo N° 3569 del 27 de abril de 2020, máxima autoridad de la institución;



SERGIO COSCIA
...dor General

- **TEXOS S.R.L.,** representado por su apoderado, **Sr. Sergio Guillermo Marsiletti**, con D.N.I. N° 13.074.133, argentino, quien comparece en este acto libre y voluntariamente con plena capacidad jurídica para celebrar el presente acuerdo.

- El **Procurador General de la República, Abg. Sergio A. Coscia Nogués**, nombrado por Decreto N° 82 del 21 de agosto de 2018, quien refrenda el presente acuerdo como tercero coadyuvante de la parte demandada.

## III Concesiones mutuas entre las partes a la firma del presente acuerdo.

Siendo la conciliación un modo solución extrajudicial de conflictos por medio de la cual las partes acuerdan concesiones recíprocas con el objeto de poner fin a litigios o previniéndolos, y en consideración a que, por este acto en particular, PETROPAR se evitaría erogar sumas que devendrían de proseguir el litigio en curso, o ser objeto de un nuevo proceso, como ser honorarios profesionales reclamados, intereses moratorios, el reclamo de cumplimiento de contrato con la firma OLIVER PETROLEUM, el reclamo relacionado a la firma CHENYI S.A., Pólizas de mantenimiento de oferta, cumplimiento de contrato con la firma ENERGEN S.A., reclamo laboral del señor Federico Conlon y gastos de justicia. Asimismo, las partes sostienen que el litigio ante los Tribunales de la República del Paraguay, debe ser resuelto por medio del diálogo y la concertación de objetivos que coincidan con sus intereses y derechos. Por ello, las partes acuerdan las siguientes cláusulas a cuyo cumplimiento se comprometen en forma irrestricta.

### Cláusula primera. Objeto

El presente acuerdo tiene por objeto poner fin al proceso judicial individualizado como: "TEXOS S.R.L. C/ PETROPAR S/ INDEMNIZACION DE DAÑOS Y PERJUICIOS POR RESPONSABILIDAD CONTRACTUAL", N° 712 Año 2011, tramitado ante el Juzgado de Primera Instancia en lo Civil y Comercial del 11° Turno, Scría. 21 de la Capital.

### Cláusula segunda. Pago

En consideración a la negociaciones las partes acuerdan poner fin a la controversia de los reclamos presentados en el juicio individualizado en la cláusula primera y evitar cualquier conflicto judicial futuro respecto a esta cuestión, por lo cual PETROPAR abonará la suma de DÓLARES AMERICANOS SEIS MILLONES OCHOCIENTOS NOVENTA Y OCHO MIL SETECIENTOS CINCUENTA ($ 6.898.750,00), libre de impuestos, tasas y tributos, a TEXOS S.R.L. representado por su APODERADO, el Señor SERGIO GUILLERMO MARSILETTI. Este pago se realizará en concepto único y definitivo, y a los efectos de imputar dicho importe a la reparación integral de cualquier daño sufrido en el juicio individualizado precedentemente y cuyo monto de la demanda inicial es de DOLARES AMERICANOS TREINTA UN MILLONES TRESCIENTOS CINCUENTA Y SIETE MIL NOVECIENTOS CINCUENTA Y SEIS ($ 31.357.956,00.). El pago se encuentra sujeto a disponibilidad presupuestaria, y a las documentaciones correspondientes para el mismo.

### Cláusula tercera. Pacto cuota litis

TEXOS S.R.L. reconoce el pacto de cuota litis con el Abogado ABEL GERMÁN AVALOS, con C.I.N° 3.318.791, del 42% (cuarenta y dos por ciento) de la suma de DÓLARES AMERICANOS SEIS MILLONES OCHOCIENTOS NOVENTA Y OCHO MIL SETECIENTOS CINCUENTA ($ 6.898.750,00) y que asciende a DOLARES

AMERICANOS DOS MILLONES OCHOCIENTOS NOVENTA Y SIETE MIL CUATROCIENTOS SETENTA Y CINCO ($ 2.897.475), a ser transferido por PETROPAR a la cuenta corriente del mencionado profesional en dólares, N° 7.5.010003/1 del banco Itaú, a pedido, nombre y responsabilidad de la firma TEXOS según nota de fecha 09 de octubre del corriente año, presentada ante la Procuraduría General de la República.

**Cláusula cuarta. Aceptación.**

TEXOS S.R.L. representada por su apoderado, el Sr. SERGIO GUILLERMO MARSILETTI, declara que acepta la propuesta de pago de DÓLARES AMERICANOS SEIS MILLONES OCHOCIENTOS NOVENTA Y OCHO MIL SETECIENTOS CINCUENTA ($ 6.898.750,00), aclarando que deberá ser transferido el monto de DOLARES AMERICANOS CUATRO MILLONES MIL DOSCIENTOS SETENTA Y CINCO ($ 4.001.275), monto final que resulta luego de descontar el 42% pactado en la cuota Litis solicitada por la firma, a la cuenta N° 6868013006 del Banco Citibank NA International Personal Banking, ABA: 021000089, SWIFT: CITIUS33, Branch: 465; a solicitud y responsabilidad del mismo, y que una vez recibida la totalidad en los términos y los efectos mencionados, se dará así, por reparado, indemnizado y resarcido por completo y a su entera satisfacción de cualquier daño directo o indirecto sufrido, reclamado en el juicio señalado en la cláusula primera, sirviendo la transferencia como suficiente comprobante de pago.

**Cláusula quinta. Homologación judicial y extinción del litigio.**

Las partes acuerdan subscribir en este acto la correspondiente solicitud de homologación y finiquito de juicio, a fin de que sea presentada ante el Juzgado de Primera Instancia en lo Civil y Comercial del 11° Turno, Secretaría 21 de la Capital.

Las partes acuerdan que con la firma del presente acuerdo se pone fin a toda controversia y reclamo por parte de la firma TEXOS S.R.L. y por lo tanto desisten irrevocablemente de proseguir el mismo en posteriores instancias con el alcance previsto en el artículo 1495 del Código Civil Paraguayo.

**Cláusula sexta. Condiciones.**

El cumplimiento del presente acuerdo se realizara preferentemente dentro del presente ejercicio fiscal y según disponibilidad presupuestaria.

En caso que el mismo no se cumpliera en dicho plazo, el pago se extenderá al primer trimestre del siguiente ejercicio fiscal.

El incumplimiento de los compromisos asumidos por las partes a tenor de las cláusulas precedentes deja sin efecto y sin ningún valor el presente acuerdo conciliatorio, habilitando a las partes a impulsar las acciones legales correspondientes, en su caso, la continuidad de la/s acción/es judicial/es.

**Cláusula séptima. Costas**

Las partes manifiestan que los Honorarios Profesionales de Abogados, mediadores u otros profesionales de cualquier especialidad, o peritos, que hayan intervenido en el juicio que hace al presente acuerdo transaccional, serán abonados y cancelados por quien los haya contratado, es decir en el orden causado.



SERGIO COSCIA

**Cláusula octava. Plena conformidad de las partes.**

Sobre la base de las cláusulas suscriptas precedentemente, los firmantes manifiestan que, cumplidos los términos del presente acuerdo, nada tienen que reclamarse mutuamente en forma judicial ni extrajudicial, en ningún concepto y que este acuerdo arriba en el juicio individualizado en la cláusula primera se enmarca en lo dispuesto en los artículos 1495 y siguiente del Código Civil Paraguayo. Igualmente, las partes manifiestan que no se encuentran en estado de necesidad, ni han obrado con ligereza o inexperiencia a los efectos de celebrar el presente acuerdo

**Sr. Sergio Guillermo Marsiletti**
**Apoderado**
**TEXOS S.R.L.**

**Lic. Denis Lichi**
**Presidente**
**Petróleos del Paraguay (PETROPAR)**

**Abg. Sergio A. Coscia Nogués**
**Procurador General**
**Procuraduría General de la República.**

**JUICIO:** "TEXOS S.R.L. C/ PETROPAR S/INDEMNIZACIÓN DE DAÑOS Y PERJUICIOS POR RESPONSABILIDAD CONTRACTUAL". -i

A.I. N°: 2311

ASUNCION, 10 de Diciembre de 2020

**VISTO**: El escrito presentado por el Abg. Sergio A. Coscia Nogues, Procurador General de la República en fecha 3 de diciembre de 2020; y,

**CONSIDERANDO:**

Que, en el mencionado escrito, el Abg. Sergio A. Coscia Nogues, Procurador General de la Republica, se presenta al Juzgado a comunicar que se ha arribado a un acuerdo transaccional conciliatorio con la parte actora, a fin de poner término al presente, y en prueba de conformidad, suscriben el citado escrito, el apoderado de la firma TEXOS S.R.L. Sr. Sergio Marsiletti, el Pdte. De PETROPAR, Lic. Denis Lichi, y el PROCURADOR GENERAL DE LA REPÚBLICA, Abg. Sergio Coscia. Asimismo, las partes manifiestan que no tiene más nada que reclamarse en el marco del presente juicio, siempre y cuando se dé cumplimiento a lo pactada en el acuerdo arribado. -

Que, la copia autenticada del acuerdo conciliatorio y transaccional celebrado en fecha 02 DE DICIEMBRE DE 2020, se halla agregado como documento adjunto de la presentación electrónica de fecha 03 de diciembre de 2020 citado con anterioridad, el cual copiado textualmente en su parte pertinente establece: "...*Las partes aquí comparecientes conviene en celebrar el presente acuerdo transaccional conciliatorio que se regirá por los siguientes términos:* ***I Antecedentes del juicio vinculado con el presente acuerdo.*** *PETROPAR, por Resolución PR N° 449/09 de fecha 23 de diciembre de 2009, adjudica como mejor y más conveniente oferta para la prestación de gasoil en camiones para las plantas de la petrolera en Villa Elisa y Hernandarias a la firma TEXOS, en el marco del proceso licitatorio individualizado por el ID No. 153.787.- PETROPAR, por Resolución PR N° 244/10 de fecha 21 de abril de 2010, revoca la adjudicación y cancela la subasta a la baja electrónica N° 07/09. En diciembre de 2011, la firma TEXOS S.R.L. promueve demandad de indemnización de daños y perjuicios por responsabilidad contractual contra PETROPAR, por la suma U$S 31.357.956,00, reclamando específicamente daño empresarial, gastos de licitación, obligaciones con otras empresas proveedoras, reclamo laboral del trabajador dependiente contratado como gerente ante la justicia argentina, lucro cesante y/o perdida de chance. Sobre la base de tales antecedentes se celebra el presente acuerdo conciliatorio en el marco del juicio caratulado "TEXOS S.R.L. C/ PETROPAR S/ INDEMNIZACIÓN DE DAÑOS Y PERJUICIOS POR RESPONSABILIDAD CONTRACTUAL", N° 712 Año 2011, tramitado ante el Juzgado de Primera Instancia en lo Civil y Comercial del 11°Turno, Scría 21 de la Capital.* ***II Identificación de las Partes.*** *Son partes del presente acuerdo: PETROPAR compareciendo en este acto el Lic. Denis Lichi, según decreto de nombramiento del Poder Ejecutivo N° 3569 del 27 de abril de 2020, máxima autoridad de la institución; TEXOS S.R.L., representado por su apoderado, Sr. Sergio Guillermo Marsiletti, con D.N.I. N° 13.074.133, argentino, quien comparece en este acto libre y voluntariamente con plena capacidad jurídica para celebrar el presente acuerdo. El Procurador General de la República, Abg. Sergio A. Coscia Nogues, nombrado por Decreto N° 82 del 21 de agosto de 2018, quien refrenda el presente acuerdo como tercero coadyuvante de la parte demandada.* ***III Concesiones mutuas entre las partes a la firma del presente acuerdo.*** *Siendo la conciliación un modo solución extrajudicial de conflictos por medio de la cual las parte acuerdan concesiones recíprocas con el objeto de poner fin a litigios o previniéndolos, y en consideración a que, por este acto en particular,, PETROPAR se evitaría erogar sumas que devendrían de proseguir el litigio en curso, o ser objeto de un nuevo proceso, como ser honorarios profesionales reclamados, intereses moratorios, el reclamo de cumplimiento de contrato con la firma OLIVER PETROLEUM, el reclamo relacionado a la firma CHENYI S.A., Pólizas de mantenimiento de oferta, cumplimiento de contrato con la firma ENERGEN S.A., reclamo laboral del señor Federico Conlon y gastos de justicia. Asimismo, las partes sostienen que el litigio ante los Tribunales de la República del Paraguay, debe ser resuelto por medio del diálogo y la concertación de objeticos que coincidan con sus intereses y derechos. Por ello, las partes acuerdan las siguientes cláusulas a cuyo cumplimiento se comprometen en forma irrestricta.* ***Cláusula primera. Objeto.*** *El presente acuerdo tiene por objeto poner fin al proceso judicial individualizado como: "TEXOS S.R.L. C/PETROPAR S/ INDEMNIZACION DE DAÑOS Y PERJUICIOS POR RESPONSABILIDAD CONTRACTUAL", N° 712 Año 2011, tramitado ante el Juzgado de Primera Instancia en lo Civil y Comercial del 11° Turno, Scría. 21 de la Capital.* ***Clausula***

Para conocer la validez del documento, verifique aquí.

*segunda.* ***Pago.*** *En consideración a la negociaciones las partes acuerdan poner fin a la controversia de los reclamos presentado en el juicio individualizado en la cláusula primera y evitar cualquier conflicto judicial futuro respecto a esta cuestión, por lo cual PETROPAR abonará la suma de DOLARES AMERICANOS SEIS MILLONES OCHOCIENTOS NOVENTA Y OCHO MIL SETECIENTOS CINCUENTA ($ 6.898.750,00), libre de impuestos, tasas y tributos, TEXOS S.R.L. representado por su APODERADO, el señor SERGIO GUILLERMO MARSILETTI. Este pago se realizará en concepto único y definitivo, y a los efectos de imputar dicho importe a la reparación integral de cualquier daño sufrido en el juicio individualizado precedentemente y cuyo monto de la demanda inicial es de DOLARES AMERICANOS TREINTA UN MILLONES TRESCIENTOS CINCUENTA Y SIETE MIL NOVECIENTOS CINCUENTA Y SEIS ($ 31.357.956,00.). El pago se encuentra sujeto a disponibilidad presupuestaria, y a las documentaciones correspondientes para el mismo.* ***Cláusula tercera. Pacto cuota litis.*** *TEXOS S.R.L. reconoce el pacto de cuota litis con el Abogado ABEL GERMAN AVALOS, con C.I. N° 3.318.791, del 42% (cuarenta y dos por ciento) de la suma de DOLARES AMERICANOS SEIS MILLONES OCHOCIENTOS NOVENTA Y OCHO MIL SETECIENTOS CINCUENTA ($ 6.898.750,00) y asciende a DOLARES AMERICANOS DOS MILLONES OCHOCIENTOS NOVENTA Y SIETE MIL CUATROCIENTOS SETENTA Y CINCO ($.2.897.475), a ser transferido por PETROPAR a la cuenta corriente del mencionado profesional en dólares, N° 7.5.010003/1 del banco Itaú, a pedido, nombre y responsabilidad de la firma TEXOS según nota de fecha 09 de octubre del corriente año, presentada ante la Procuraduría General de la República.* ***Cláusula cuarta. Aceptación.*** *TEXOS S.R.L. representada por su apoderado, el Sr. SERGIO GUILLERMO MARSILETTI, declara que acepta la propuesta de pago de DOLARES AMERICANOS SEIS MILLONES OCHOCIENTOS NOVENTA Y OCHO MIL SETECIENTOS CINCUENTA ($ 6.898.750,00), aclarando que deberá ser transferido el monto de DOLARES AMERICANOS CUATRO MILLONES MIL DOSCIENTOS SETENTA Y CINCO ($ 4.001.275), monto final que resulta luego de descontar el 42% pactado en la cuota Litis solicitada por la firma, a la cuenta N° 6868013006 del Banco Citibank NA Internacional Personal Banking, ABA: 021000089, SWIFT: CITIUS33, Branch: 456; a solicitud y responsabilidad del mismo, y que una vez recibida la totalidad en los términos y los efectos mencionados, se dará así, por reparado, indemnizado y resarcido por completo y a su entera satisfacción de cualquier daño directo o indirecto sufrido, reclamado en el juicio señalado en la cláusula primera, sirviendo la transferencia como suficiente comprobante de pago.* ***Cláusula quinta. Homologación judicial y extinción del litigio.*** *Las partes acuerdan subscribir en este acto la correspondiente solicitud de homologación y finiquito de juicio, a fin de que sea presentado ante el Juzgado de Primera Instancia en lo Civil y Comercial del 11° Turno, Secretaría 21 de la Capital. Las partes acuerdan que con la firma del presente acuerdo se pone fin a toda controversia y reclamo por parte de la firma TEXOS S.R.L. y por lo tanto desisten irrevocablemente de proseguir el mismo en posteriores instancias con el alcance previsto en el articulo 1495 del Código Civil Paraguayo.* ***Cláusula sexta. Condiciones.*** *El cumplimento del presente acuerdo se realizará preferentemente dentro del presente ejercicio fiscal y según disponibilidad presupuestaria. En caso que el mismo no se cumpliera en dicho plazo, el pago se extenderá al primer trimestre del siguiente ejercicio fiscal. El incumplimiento de los compromisos asumidos por las partes a tenor de las cláusulas precedentes deja sin efecto y sin ningún valor el presente acuerdo conciliatorio, habilitando a las partes a impulsar las acciones legales correspondientes, en su caso, la continuidad de la/s acción/es judicial/es.* ***Cláusula séptima. Costas.*** *Las partes manifiestan que los Honorarios Profesionales de Abogados, mediadores u otros profesionales de cualquier especialidad, o peritos, que hayan intervenido en el juicio que hace al presente acuerdo transaccional, serán abonados y cancelados por quien los haya contratado, es decir en el orden causado.* ***Cláusula octava. Plena conformidad de las partes.*** *Sobre la base de las cláusulas suscriptas precedentemente, los firmantes manifiestan que, cumplidos los términos el presente acuerdo, nada tienen que reclamarse mutuamente en forma judicial ni extrajudicial, en ningún concepto y que este acuerdo arriba en el juicio individualizado en la cláusula primera se enmarca en lo dispuesto en los artículos 1495 y siguientes del Código Civil paraguayo. Igualmente, las partes manifiestan que no se encuentran en estado de necesidad, ni han obrado con ligereza o inexperiencia a los efectos de celebrar el presente acuerdo... "*

Que, las disposiciones legales que rigen la materia disponen en su **art. 1495** del C.C.P: "*Por el contrato de transacción las partes, mediante concesiones recíprocas, ponen fin a un litigio o lo previenen. Por medio de ella se pueden crea, modificar o extinguir, además, relaciones jurídicas diversas de las que fueron objeto del litigio o motivo de la controversia.*", el **art. 1496** del C.C.P: "*Para transigir, las partes deben tener capacidad para disponer del derecho que es objeto de controversia. En caso contrario la transacción será nula.*", y el **art. 1500** del C.C.P: "*La transacción debe probarse por escrito, sin perjuicio de lo dispuesto respecto a derechos sobre inmuebles, pero la que versare sobre derechos ya litigiosos deberá presentarse al juez de la causa. Cuando constare en*

Para conocer la validez del documento, verifique aquí.

*escritura pública, tendrá efecto respecto de terceros, sólo después de su agregación a los autos*". Y así también el **art. 171** del C.P.C. que reza: "*Forma y trámite. Las partes podrán hacer valer la transacción del derecho en litigio con la presentación del convenio o suscripción del acta ante el juez. Este se limitará a examinar la concurrencia de los requisitos exigidos por la ley para la validez de la transacción. Si estuvieren cumplidos, la homologará; en caso contrario, la rechazará y el proceso continuará su curso.*"

Que, habiendo las partes llegado a un acuerdo con el objeto de dar término al presente juicio mediante concesiones reciprocas, siendo suficientes las facultades otorgadas a los firmantes, y habiéndose dado cumplimiento a las disposiciones legales que rigen la materia, esta magistratura considera procedente, homologar el acuerdo transaccional presentado. -

Que, con respecto a las costas, las mismas serán impuestas en el orden causado, conforme a la cláusula séptima del acuerdo presentado, y de conformidad a lo dispuesto en el art. 199 del C.P.C.

**POR TANTO**, el Juzgado de Juzgado de Primera Instancia en lo Civil y Comercial del Undécimo Turno, Secretaría 21 de ASUNCION;

**R E S U E L V E:**

**I.- HOMOLOGAR** el acuerdo transaccional al cual han arribado las partes, **TEXOS S.R.L., PETROLEOS DEL PARAGUAY (PETROPAR), y la PROCURADURIA GENERAL DE LA REPÚBLICA**, en atención a los términos establecidos en el acuerdo celebrado por las partes en fecha 02 de diciembre de 2020, y de conformidad al exordio de la presente resolución, y en consecuencia;

**II.- TENER** por finiquitado el presente juicio de promovido por **TEXOS S.R.L. C/ PETROPAR S/ INDEMNIZACIÓN DE DAÑOS Y PERJUICIOS POR RESPONSABILIDAD CONTRACTUAL**, en cumplimiento de la cláusula quinta del Acuerdo transaccional presentado en autos. -

**III.- ANOTAR**, registrar y remitir copia a la Excma. Corte Suprema de Justicia.

Ante mí:

---

CONSTANCIA: ESTA RESOLUCIÓN FUE REGISTRADA DIGITALMENTE EN LA DIRECCIÓN DE ESTADÍSTICA JUDICIAL.

Para conocer la validez del documento, verifique aquí.

Firmado digitalmente por: HUGO MANUEL GARCETE MARTINEZ (JUEZ/A)

Firmado digitalmente por: SOPHIA ARIADNA ZARZA INSFRAN (ACTUARIO/A)

**Traducción Pública** ________________________________________________

**Sworn Translation** ________________________________________________

[On the right-hand margin, there is a number "4"] ______________________________

[At the bottom of each page of the agreement, there appear three signatures] ___________

**CONCILIATION TRANSACTIONAL AGREEMENT** ____________________________

In the city of Asunción, capital of the Republic of Paraguay, on December 2, 2020 appear the following individuals: on the one hand, Mr. DENIS LICHI, on behalf of PETRÓLEOS PARAGUAYOS (hereinafter, "PETROPAR") in his capacity as President as per appointment through Decree No. 3569 dated April 27, 2020, domiciled for all legal effects at the building of the entity on Chile 753 almost Eduardo V. Haedo, city of Asunción; and Mr. SERGIO A. COSCIA NOGUÉS, Attorney General, appointed through Decree No. 82 dated August 21, 20218, domiciled for this act at Mcal. López 2311 almost Venezuela, city of Asunción. On the other hand, Mr. SERGIO GUILLERMO MARSILETTI, holder of ID No. 13074133, who appears on behalf of the company TEXOS SOCIEDAD DE RESPONSABILIDAD LIMITADA (hereinafter, "TEXOS S.R.L."), in his capacity as attorney-in-fact, domiciled for this act at Avenida Independencia 2135, 13th floor, apartment H, City of Buenos Aires, Argentine Republic. _______

The appearing parties agree on entering this conciliation transactional agreement under the following terms:__________________________________________________

**I. BACKGROUND OF THE LAWSUIT RELATED TO THIS AGREEMENT** ____________

Through PR Resolution No. 449/09 dated December 23, 2009, PETROPAR awarded TEXOS the contract, as the best and most advantageous bid, for the supply of diesel fuel by tanker trucks for the oil company's plants in Villa Elisa and Hernandarias, within the framework of the bidding process identified as ID No. 153787. ______________________________

Through PR Resolution No. 244/10 dated April 21, 2010, PETROPAR revoked the award and cancelled the tender due to Electronic Reverse Auction No. 07/09.________________________

In December 2011, TEXOS S.R.L. filed a claim for damages arising from contractual liability against PETROPAR in the amount of USD 31,357,956.00, specifically seeking compensation for business losses, bidding expenses, liabilities toward other supplier companies, a labor claim filed before the Argentine courts by an employee hired as manager, loss of profits and/or loss of chance.________________________________________________________________________

Based on the foregoing, this conciliation agreement is entered into within the framework of the case captioned "TEXOS S.R.L. C/ PETROPAR S/INDEMNIZACION DE DAÑOS Y PERJUICIOS POR RESPONSABILIDAD CONTRACTUAL" [TEXOS S.R.L. vs. PETROPAR on DAMAGES ARISING FROM CONTRACTUAL LIABILITY] No. 712, Year 2011, heard before the Court of First Instance for Civil and Commercial Matters, 11 Division, Secretariat 21, Asunción.

**II. IDENTIFICATION OF THE PARTIES** ____________________________________________

The Parties to this Agreement are the following: ______________________________________

- **PETROPAR.** Mr. **Denis Lichi** appears for this act, as per appointment by the Executive Power through Decree No. 3569 on April 27, 2020, as the highest authority of the entity;
- **TEXOS S.R.L.**, represented by its attorney-in-fact, **Mr. Sergio Guillermo Marsiletti,** holder of ID No. 13074133, Argentine, who appears herein freely and voluntarily with full legal capacity to enter into this agreement. ____________________________________
- **Attorney General, Mr. Sergio A. Coscia Nogués,** appointed through Decree No. 82 on August 21, 2018, who endorses this Agreement as a third-party intervenor in support of the defendant.____________________________________________________________

**III. MUTUAL CONCESSIONS BY THE PARTIES UPON EXECUTION OF THIS AGREEMENT**

Since conciliation is an out-of-court means of dispute resolution through which the parties make reciprocal concessions for the purpose of bringing existing disputes to an end or preventing future disputes, and considering that, in this particular case, PETROPAR would avoid incurring the amounts that would be required to continue the ongoing litigation or that could become the subject of a new proceeding, including claimed attorneys' fees, default interest, the contractual-performance claim brought by OLIVER PETROLEUM, the claim relating to CHENYI S.A., maintenance of bid security policies, contractual-performance claims involving ENERGEN S.A., the labor claim filed by Mr. Federico Conlon, and court costs. Likewise, the parties acknowledge that litigation before the courts of the Republic of Paraguay should be resolved through dialogue and the harmonization of objectives consistent with their respective interests and rights. Accordingly, the parties agree to the following clauses, the strict compliance with which they hereby undertake.________________________________________________________________

**Clause I. Purpose** ________________________________________________________________

The purpose of this agreement is to settle the legal proceedings captioned “TEXOS S.R.L. C/ PETROPAR S/INDEMNIZACION DE DAÑOS Y PERJUICIOS POR RESPONSABILIDAD CONTRACTUAL” [TEXOS S.R.L. vs. PETROPAR on DAMAGES ARISING FROM CONTRACTUAL LIABILITY] No. 712, Year 2011, heard before the Court of First Instance for Civil and Commercial Matters, 11 Division, Secretariat 21, Asunción.______________________

**Clause II. Payment** ______________________________________________________________

In consideration to the negotiations, the parties agree to settle the controversy of the claims presented in the proceedings mentioned in Clause I and to avoid any future judicial conflict regarding this matter. Therefore, PETROPAR shall pay the amount of USD 6,898,750.00 (SIX MILLION EIGHT HUNDRED NINETY-EIGHT THOUSAND SEVEN HUNDRED AND FIFTY AMERICAN DOLLARS), free from taxes, fees and duties, to TEXOS S.R.L. represented by its ATTORNEY-IN-FACT, Mr. SERGIO GUILLERMO MARSILETTI. This payment shall be made as sole and final settlement, and for the purpose of allocating such amount as full and

comprehensive compensation for any damage suffered in the aforementioned proceedings. The amount of the initial claim was USD 31,357,956.00 (THIRTY-ONE MILLION THREE HUNDRED FIFTY-SEVEN THOUSAND NINE HUNDRED AND FIFTY-SIX AMERICAN DOLLARS). Payment is subject to budget availability and the corresponding documentation to that effect.__

**Clause III. Contingency fee agreement**___________________________________________

TEXOS S.R.L. acknowledges the contingency fee agreement with Mr. ABEL GERMÁN AVALOS, holder of ID No. 3318791, of 42% (forty-two per cent) of the amount of USD 6,898,750.00 (SIX MILLION EIGHT HUNDRED NINETY-EIGHT THOUSAND SEVEN HUNDRED AND FIFTY AMERICAN DOLLARS), which amounts to USD 2,897,475 (TWO MILLION EIGHT HUNDRED NINETY-SEVEN THOUSAND FOUR HUNDRED AND SEVENTY-FIVE AMERICAN DOLLARS), to be transferred by PETROPAR to the U.S.D current account of the aforementioned professional, No. 7.5.010003/1 of Itaú bank, at the request, in the name of and under the responsibility of TEXOS as per the note dated October 9 of this year, presented before the Attorney's General Office of Paraguay.___________________________________

**Clause IV. Acceptance** _______________________________________________________

TEXOS S.R.L., represented by its attorney-in-fact, Mr. SERGIO GUILLERMO MARSILETTI, accepts the payment proposal of USD 6,898,750.00 (SIX MILLION EIGHT HUNDRED NINETY-EIGHT THOUSAND SEVEN HUNDRED AND FIFTY AMERICAN DOLLARS), stating that the amount of USD 4,001,275 (FOUR MILLION ONE THOUSAND TWO HUNDRED AND SEVENTY-FIVE AMERICAN DOLLARS) shall be transferred, which amount results from the deduction of the 42% agreed in the contingency fee agreement requested by the firm, to the account No. 6868013006 of Citibank NA International Personal Banking, ABA: 021000089, SWIFT: CITIUS33, Branch: 465, at its request and under its responsibility. Once the total amount is received under the terms and to effects mentioned above, TEXOS shall be deemed fully remediated, indemnified, and compensated to its entire satisfaction for any direct or indirect

damage suffered, as claimed in the case specified in Clause I, with the transfer serving as sufficient proof of payment. ____________________________________________________

**Clause V. Judicial approval and dispute settlement**________________________________

The parties hereby agree to sign the corresponding request for judicial approval and dispute settlement, to be filed before the Court of First Instance for Civil and Commercial Matters, 11 Division, Secretariat 21, Asunción.________________________________________________

The parties agree that by subscribing this agreement any controversy or claim brought by TEXOS S.R.L is hereby settled, and therefore they irrevocably waive their right to pursue the claim in further instances under Section 1495 of the Paraguayan Civil Code.______________

**Clause VI. Conditions**________________________________________________________

Compliance with this agreement shall be performed preferably within the current fiscal year and according to the budget availability. ______________________________________________

If the Agreement is not performed within that period, the period for payment shall be extended through the first quarter of the following fiscal year.___________________________________

Failure to comply with the commitments assumed by the parties under the preceding clauses shall render this conciliation transactional agreement without force and effect, enabling the parties to pursue the corresponding legal actions or, as the case may be, the continuation of the legal actions.____________________________________________________________________

**Clause VII. Fees** ____________________________________________________________

The parties state that the professional fees of attorneys, mediators or other professionals of any discipline, as well as expert witnesses, who have participated in the proceedings leading to this conciliation transactional agreement, shall be paid and settled by the party who engaged them, that is, each party bearing its own costs. ________________________________________

**Clause VIII. Full conformity by the parties** ________________________________________

Based on the foregoing clauses, the undersigned state that, upon performance of the terms of this agreement, they shall have no further mutual claims, whether in court or out of court, under any concept, and that this agreement entered into within the framework of the lawsuit identified in Clause I falls within the provisions of Articles 1495 et seq. of the Paraguayan Civil Code. Likewise, the parties state that they are not in a state of necessity, nor have they acted with levity or inexperience for the purposes of entering into this agreement. ___________________

[There is a signature] Mr. Sergio Guillermo Marsiletti | Attorney-in-Fact | TEXOS S.R.L_______

[There is a signature] Mr. Denis Lichi | President | Petróleos del Paraguay (PETROPAR) _____

[There is a signature] Mr. Sergio A. Coscia Nogués | Attorney General | Attorney's General Office of Paraguay ____________________________________________________________

**CASE CAPTIONED:** "TEXOS S.R.L. C/ PETROPAR S/INDEMNIZACION DE DAÑOS Y PERJUICIOS POR RESPONSABILIDAD CONTRACTUAL" [TEXOS S.R.L. vs. PETROPAR on DAMAGES ARISING FROM CONTRACTUAL LIABILITY]._____________________________

Interlocutory Decree No. 2311 ___________________________________________________

ASUNCIÓN, December 10, 2020 __________________________________________________

HAVING SEEN the writ filed by Mr. Sergio A. Coscia Nogues, General Attorney of the Republic of Paraguay on December 3, 2020; and____________________________________________

**CONSIDERING** ______________________________________________________________

That, in the abovementioned writ, Mr. Sergio A. Coscia Nogues, General Attorney of the Republic of Paraguay, informs the Court that a conciliation transactional agreement has been reached with the Plaintiff, in order to settle this proceeding and, in witness whereof, the attorney-in-fact of the firm TEXOS S.R.L, Mr. Sergio Marsiletti, the President of PRETOPAR,

Mr. Denis Lichi, and the ATTORNEY GENERAL, Mr. Sergio Coscia have subscribed the writ. In addition, the parties state that they have no further mutual claims regarding this proceeding, provided the aforementioned agreement is fully complied with.________________________

That, the authenticated copy of the conciliation transactional agreement entered into on DECEMBER 2, 2020 is added as an attached document to the electronic presentation made on December 3, 2020, and the verbatim quote of its relevant parts states: "…*The appearing parties agree on entering this conciliation transactional agreement under the following terms:* ***I. BACKGROUND OF THE LAWSUIT RELATED TO THIS AGREEMENT.*** *Through PR Resolution No. 449/09 dated December 23, 2009, PETROPAR awarded TEXOS the contract, as the best and most advantageous bid, for the supply of diesel fuel by tanker trucks for the oil company's plants in Villa Elisa and Hernandarias, within the framework of the bidding process identified as ID No. 153787. Through PR Resolution No. 244/10 dated April 21, 2010, PETROPAR revoked the award and cancelled the tender due to Electronic Reverse Auction No. 07/09. In December 2011, TEXOS S.R.L. filed a claim for damages arising from contractual liability against PETROPAR in the amount of USD 31,357,956.00, specifically seeking compensation for business losses, bidding expenses, liabilities toward other supplier companies, a labor claim filed before the Argentine courts by an employee hired as manager, loss of profits and/or loss of chance. Based on the foregoing, this conciliation agreement is entered into within the framework of the case captioned "TEXOS S.R.L. C/ PETROPAR S/INDEMNIZACION DE DAÑOS Y PERJUICIOS POR RESPONSABILIDAD CONTRACTUAL" [TEXOS S.R.L. vs. PETROPAR on DAMAGES ARISING FROM CONTRACTUAL LIABILITY] No. 712, Year 2011, heard before the Court of First Instance for Civil and Commercial Matters, 11 Division, Secretariat 21, Asunción.* ***II. IDENTIFICATION OF THE PARTIES****. The Parties to this Agreement are the following: PETROPAR. Mr. Denis Lichi appears for this act, as per appointment by the Executive Power through Decree No. 3569 on April 27, 2020, as the highest authority of the entity; TEXOS S.R.L., represented by its Attorney-in-fact, Mr. Sergio Guillermo Marsiletti, holder of ID No. 13074133, Argentine, who appears herein freely and voluntarily with*

*full legal capacity to enter into this agreement. Attorney General, Mr. Sergio A. Coscia Nogués, appointed through Decree No. 82 on August 21, 2018, who endorses this Agreement as a third-party intervenor in support of the defendant.* ***III. MUTUAL CONCESSIONS BY THE PARTIES UPON EXECUTION OF THIS AGREEMENT****. Since conciliation is an out-of-court means of dispute resolution through which the parties make reciprocal concessions for the purpose of bringing existing disputes to an end or preventing future disputes, and considering that, in this particular case, PETROPAR would avoid incurring the amounts that would be required to continue the ongoing litigation or that could become the subject of a new proceeding, including claimed attorneys' fees, default interest, the contractual-performance claim brought by OLIVER PETROLEUM, the claim relating to CHENYI S.A., maintenance of bid security policies, contractual-performance claims involving ENERGEN S.A., the labor claim filed by Mr. Federico Conlon, and court costs. Likewise, the parties acknowledge that litigation before the courts of the Republic of Paraguay should be resolved through dialogue and the harmonization of objectives consistent with their respective interests and rights. Accordingly, the parties agree to the following clauses, the strict compliance with which they hereby undertake.* ***Clause I. Purpose.*** *The purpose of this agreement is to settle the legal proceedings captioned "TEXOS S.R.L. C/ PETROPAR S/INDEMNIZACION DE DAÑOS Y PERJUICIOS POR RESPONSABILIDAD CONTRACTUAL" [TEXOS S.R.L. vs. PETROPAR on DAMAGES ARISING FROM CONTRACTUAL LIABILITY] No. 712, Year 2011, heard before the Court of First Instance for Civil and Commercial Matters, 11 Division, Secretariat 21, Asunción.* ***Clause II. Payment****. In consideration to the negotiations, the parties agree to settle the controversy of the claims presented in the proceedings mentioned in Clause I and to avoid any future judicial conflict regarding this matter. Therefore, PETROPAR shall pay the amount of USD 6,898,750.00 (SIX MILLION EIGHT HUNDRED NINETY-EIGHT THOUSAND SEVEN HUNDRED AND FIFTY AMERICAN DOLLARS), free from taxes, fees and duties, to TEXOS S.R.L. represented by its ATTORNEY-IN-FACT, Mr. SERGIO GUILLERMO MARSILETTI. This payment shall be made as sole and final settlement, and for the purpose of allocating such amount as full and comprehensive compensation for any damage suffered in the*

*aforementioned proceedings. The amount of the initial claim was USD 31,357,956.00 (THIRTY-ONE MILLION THREE HUNDRED FIFTY-SEVEN THOUSAND NINE HUNDRED AND FIFTY-SIX AMERICAN DOLLARS). Payment is subject to budget availability and the corresponding documentation to that effect.* ***Clause III. Contingency fee agreement****. TEXOS S.R.L. acknowledges the contingency fee agreement with Mr. ABEL GERMÁN AVALOS, holder of ID No. 3318791, of 42% (forty-two per cent) of the amount of USD 6,898,750.00 (SIX MILLION EIGHT HUNDRED NINETY-EIGHT THOUSAND SEVEN HUNDRED AND FIFTY AMERICAN DOLLARS), which amounts to USD 2,897,475 (TWO MILLION EIGHT HUNDRED NINETY-SEVEN THOUSAND FOUR HUNDRED AND SEVENTY-FIVE AMERICAN DOLLARS), to be transferred by PETROPAR to the U.S.D current account of the aforementioned professional, No. 7.5.010003/1 of Itaú bank, at the request, in the name of and under the responsibility of TEXOS as per the note dated October 9 of this year, presented before the Attorney's General Office of Paraguay.* ***Clause IV. Acceptance****. TEXOS S.R.L., represented by its attorney-in-fact, Mr. SERGIO GUILLERMO MARSILETTI, accepts the payment proposal of USD 6,898,750.00 (SIX MILLION EIGHT HUNDRED NINETY-EIGHT THOUSAND SEVEN HUNDRED AND FIFTY AMERICAN DOLLARS), stating that the amount of USD 4,001,275 (FOUR MILLION ONE THOUSAND TWO HUNDRED AND SEVENTY-FIVE AMERICAN DOLLARS) shall be transferred, which amount results from the deduction of the 42% agreed in the contingency fee agreement requested by the firm, to the account No. 6868013006 of Citibank NA International Personal Banking, ABA: 021000089, SWIFT: CITIUS33, Branch: 465, at its request and under its responsibility. Once the total amount is received under the terms and to effects mentioned above, TEXOS shall be deemed fully remediated, indemnified, and compensated to its entire satisfaction for any direct or indirect damage suffered, as claimed in the case specified in Clause I, with the transfer serving as sufficient proof of payment.* ***Clause V. Judicial approval and dispute settlement****. The parties hereby agree to sign the corresponding request for judicial approval and dispute settlement, to be filed before the Court of First Instance for Civil and Commercial Matters, 11 Division, Secretariat 21, Asunción. The parties agree that by subscribing this agreement any controversy or claim brought by TEXOS S.R.L is hereby settled,*

*and therefore they irrevocably waive their right to pursue the claim in further instances under Section 1495 of the Paraguayan Civil Code.* ***Clause VI. Conditions****. Compliance with this agreement shall be performed preferably within the current fiscal year and according to the budget availability. If the Agreement is not performed within that period, the period for payment shall be extended through the first quarter of the following fiscal year. Failure to comply with the commitments assumed by the parties under the preceding clauses shall render this conciliation transactional agreement without force and effect, enabling the parties to pursue the corresponding legal actions or, as the case may be, the continuation of the legal actions.* ***Clause VII. Fees****. The parties state that the professional fees of attorneys, mediators or other professionals of any discipline, as well as expert witnesses, who have participated in the proceedings leading to this conciliation transactional agreement, shall be paid and settled by the party who engaged them, that is, each party bearing its own costs.* ***Clause VIII. Full conformity by the parties****. Based on the foregoing clauses, the undersigned state that, upon performance of the terms of this agreement, they shall have no further mutual claims, whether in court or out of court, under any concept, and that this agreement entered into within the framework of the lawsuit identified in Clause I falls within the provisions of Articles 1495 et seq. of the Paraguayan Civil Code. Likewise, the parties state that they are not in a state of necessity, nor have they acted with levity or inexperience for the purposes of entering into this agreement…"_*

That the legal provisions governing the subject matter establish in **Section 1495** of the Paraguayan Civil Code state: "*By means of the transactional agreement, the parties, through mutual concessions, settle a dispute or prevent a future one. Furthermore, by means thereof, legal relationships distinct from those that were the subject-matter of the lawsuit or the cause of the controversy may be created, modified, or extinguished*.", **Section 1496** of the Paraguayan Civil Code establishes: "*In order to enter into a settlement, the parties must have legal capacity to dispose of the right which is subject matter to controversy. Otherwise, the settlement shall be void and null.*", and **Section 1500** of the Paraguayan Civil Code states: "*The settlement must be sufficiently proven in writing, without prejudice to the provisions regarding real property.*

*However, settlements concerning rights already in litigation must be submitted to the judge hearing the case. When recorded in a notarial-recorded instrument, it shall be enforceable against third parties, only after being added to the case records*." In addition, **Section 171** of the Paraguayan Civil Procedural Code states: "*Form and procedure. The parties may enforce the settlement of the right in litigation by filing the agreement or signing the record before the judge. The latter shall limit themselves to examining the concurrence of the requirements set by law for the validity of the settlement. If met, they shall approve it; otherwise, they shall reject it and the proceedings shall take their course*." ______________________________________________

That, as the parties have reached an agreement in order to settle this case through mutual concessions, that the powers granted to the signatories are sufficient, and that all legal requirements regarding this matter have been fulfilled, this Court deems it appropriate to approve the submitted transactional agreement. _____________________________________

That each party shall bear their own costs, pursuant to Clause VII of the submitted agreement and to Section 199 of the Paraguayan Civil Procedural Code.___________________________

**THEREFORE,** the Court of First Instance for Civil and Commercial Matters, 11 Division, Secretariat 21, Asunción **DECIDES THE FOLLOWING:** _______________________________

**I.** **TO APPROVE** the transactional agreement reached by the parties **TEXOS S.R.L, PETROLEOS DEL PARAGUAY (PETROPAR) and the ATTORNEY'S GENERAL OFFICE OF PARAGUAY** as per the terms established in the agreement entered into on December 2, 2020 and the preamble herein. Consequently, ________________

**II.** **TO DECLARE the lawsuit brought by TEXOS S.R.L. against PETROPAR for DAMAGES ARISING FROM CONTRACTUAL LIABILITY terminated,** in compliance with Clause V of the Transactional Agreement filed herein. __________

**III.** **TO RECORD,** and forward a copy to the Honorable Supreme Court Of Justice.____

STATEMENT FOR THE RECORD: THIS RESOLUTION HAS BEEN DIGITALLY RECORDED WITH THE DIRECTORATE OF JUDICIAL STATISTICS. ________________________________

To verify the authenticity of this document, scan the QR code here [there is QR code]________

[There is a stamp] Digitally-signed by: HUGO MANUEL GARCETE MARTINEZ (JUDGE)_____

[There is a stamp] Digitally-signed by: ARIADNA ZARZA INSFRAN (COURT CLERK) _______

---

Translation into English of the document written in Spanish. City of Buenos Aires, October 19, 2026. The foregoing translation has 12 (twelve) pages. Digitally-signed document.

Traducción al inglés del documento redactado en español. Ciudad Autónoma de Buenos Aires, 19 de octubre de 2026. La traducción que antecede consta de 12 (doce) páginas. Documento firmado digitalmente. ______________________________________________________________

ALVAREZ Mariana Belen

Firmado digitalmente por ALVAREZ Mariana Belen
Fecha: 2026.10.19 15:32:15 -03'00'

# COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES

República Argentina
Ley 20305

# LEGALIZACIÓN

El COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES, en virtud de la facultad que le confiere el artículo 10 inc. d) de la Ley 20305, certifica que el/la Traductor/a Público/a **ÁLVAREZ, MARIANA BELÉN**

cuya firma digital consta en la traducción pública adjunta, se encuentra matriculado/a en esta institución en el idioma **INGLÉS [TOMO 22 - FOLIO 160]**

Asimismo, se deja constancia de que el/la profesional está habilitado/a por esta institución para firmar documentos en su calidad de Traductor/a Público/a.

Firmado digitalmente por: **GONZALEZ DA SILVA, JUAN DARIO**

Identificador de legalización: **876617924348171462933554 6ad66281cc3a0**

Ciudad Autónoma de Buenos Aires, **19/10/2026**

Colegio de Traductores Públicos
de la Ciudad de Buenos Aires

**Departamento de Legalizaciones**
Firma de Traductor Legalizada

Digitally signed by GONZALEZ DA SILVA Juan Dario
Date: 2026.10.19 16:45:38 -03'00'

Colegio de Traductores Públicos
de la Ciudad de Buenos Aires

Legalización firmada digitalmente conforme a la Ley 25506, a la Ley 2751 y sus reglamentaciones complementarias.

ESTA LEGALIZACIÓN NO IMPLICA JUICIO ALGUNO SOBRE EL CONTENIDO DE LA TRADUCCIÓN PÚBLICA Y SERÁ VÁLIDA ÚNICAMENTE SI ESTÁ FIRMADA DIGITALMENTE POR LA PERSONA DEBIDAMENTE AUTORIZADA POR EL CTPCBA.

Para verificar documentos digitales, ingrese a:
https://firmar.gob.ar/validar.html
Para saber cómo visualizar la totalidad de los documentos embebidos en este archivo .pdf, ingrese a:
https://www.traductores.org.ar/matriculados/firma-digital/
Para verificar la validez de esta legalización, ingrese a:
https://www.traductores.org.ar/publico/como-verifico-una-legalizacion-digital/

Colegio de Traductores Públicos
de la Ciudad de Buenos Aires

By virtue of the authority vested in the COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (CTPCBA) (Buenos Aires Sworn Translators Association), by Argentine law No. 20305 section 10(d), I hereby CERTIFY that the Certified Translator whose digital signature is affixed on the document attached hereto is registered with this Association. This certification does not imply any opinion on the contents of the translation and will be valid only if digitally signed by the duly authorized signatory of the CTPCBA.

Vu par le COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (CTPCBA) (Ordre des Traducteurs Officiels de la ville de Buenos Aires), en vertu des attributions qui lui ont été accordées par l'article 10, alinéa d) de la Loi n° 20305, CERTIFIE que le Traducteur/Traductrice Officiel/le, dont la signature numérique est apposée sur le document ci-joint, est inscrit/e à cette Institution. Cette légalisation n'implique aucun avis sur le contenu de la traduction et ne sera pas valable sans la signature numérique du fonctionnaire habilité par le CTPCBA.

Il COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (CTPCBA) (Ordine dei Traduttori abilitati della Citta di Buenos Aires) , in virtù delle facoltà conferite dall'articolo 10, lettera d) della legge 20.305, CERTIFICA che la Traduttrice Giurata/il Traduttore Giurato, la cui firma digitale si riporta sul documento allegato, è registrata/o presso questo Ente. Questa legalizzazione non prevede alcun giudizio sul contenuto della traduzione e non sarà valida senza la relativa firma digitale del funzionario autorizzato dal CTPCBA.

Por meio desta legalização, o COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (CTPCBA) (Colégio dos Tradutores Públicos da Cidade de Buenos Aires), no uso de suas atribuições e em conformidade com o artigo 10, alínea "d", da Lei 20.305, CERTIFICA que a Tradutora Pública/o Tradutor Público cuja assinatura digital consta no documento anexo, está inscrita/o nesta instituição. Este reconhecimento não diz respeito ao conteúdo da tradução e não será válido sem a assinatura digital correspondente ao funcionário habilitado pelo CTPCBA.

COLEGIO DE TRADUCTORES PUBLICOS DE LA CIUDAD DE BUENOS AIRES (CTPCBA) (Kammer der vereidigten Übersetzerinnen und Übersetzer der Stadt Buenos Aires). Kraft der Befugnisse, die ihr gem. Art. 10 Abs. d) des Gesetzes Nr. 20.305 zustehen, bescheinigt diese Kammer hiermit lediglich, dass die vereidigte Übersetzerin bzw. der vereidigte Übersetzer, deren/dessen digitale Signatur auf vorstehend beigefügter Urkunde gesetzt ist, dieser Berufskammer angehört. Diese Beglaubigung bezieht sich nicht auf den Inhalt der Übersetzung und ist nur mit der entsprechenden digitalen Signatur der bzw. des von der CTPCBA ermächtigten Bestätigungsbefugten gültig.

Avda. Corrientes 1834 – C1045AAN – Ciudad Autónoma de Buenos Aires – Tel.: 4373-7173 y líneas rotativas.